# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EMILSE PAOLA HERNANDEZ MORALES,<br><br>            Petitioner,<br><br>    v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>            Respondents. | CASE NO. 5:26-cv-01308-SK<br><br>**ORDER GRANTING HABEAS PETITION** |

Petitioner, a noncitizen detained at the Adelanto Detention Facility, seeks habeas relief under 28 U.S.C. § 2241. She alleges that her detention without a bond hearing violates due process under the Fifth Amendment. Relevant here, the parties agree that Petitioner is a member of the Bond Eligible Class subject to the judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). (ECF 14 at 2-3). As a result, there is no dispute that Petitioner is entitled to an individualized custody determination under 8 U.S.C. § 1226(a). *See*, *e.g.*, *Aguilar v. Janecka*, No. 5:26-cv-00602-SSS, 2026 WL 579157, at *1 (C.D. Cal. Mar 2., 2026) (granting petition and ordering § 1226(a) bond hearing where "Respondents concede[d] that Petitioner is a class member entitled to a bond hearing under the reasoning of *Maldonado Bautista*").

The petition for writ of habeas corpus under 28 U.S.C. § 2241 is thus GRANTED consistent with the declaratory judgment in *Maldonado Bautista*. Within 7 days of this order, Respondents are ORDERED to release Petitioner, unless she is provided with the individualized bond hearing under 8 U.S.C. § 1226(a) due to all detainees considered subject to the *Maldonado Bautista* judgment.

To meet that condition as it is being ordered for eligible detainees under *Maldonado Bautista*, the Government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS, 2026 WL 579160, at *1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS, 2026 WL 576010, at *1 (C.D. Cal. Mar. 2, 2026). There is no cause—and respondents offer none—to give Petitioner a lesser or different form of relief than that being given to other Bond Eligible Class members subject to the *Maldonado Bautista* judgment.

In addition, the immigration judge must exercise her discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings based on all relevant facts—including criminal history, immigration history, manner of entry, length of residence, family ties, employment, community connections, compliance with prior orders, and eligibility for relief from removal. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). To that end, the immigration judge must provide a statement of reasons, orally or in writing, for her decision. *See* 8 C.F.R. § 1003.19(f). Those reasons must be adequate to permit meaningful review by the BIA (or any other reviewing body) if an appeal is taken by either party. *See* 8 C.F.R. § 1003.38.

\* \* \*

2

The parties must file a joint status report within 48 hours of Petitioner's release or compliance with this conditional writ.

IT IS SO ORDERED.


DATED: <u>April 29, 2026</u>

                                            HON. STEVE KIM
United States Magistrate Judge